UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| JOHN J. FRAZER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:23-CV-193-REW |
| | ) | |
| v. | ) | |
| | ) | |
| P. MULLINS, RN, et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Plaintiff John J. Frazer moved for an emergency injunction and temporary restraining order (TRO) pursuant to his § 1983 suit against twelve FMC Lexington employees. *See* DE 46 (Motion). In his motion, Frazer requests that the Court order the Federal Bureau of Prisons (BOP) to transfer him from FMC Lexington to a different place of incarceration, or otherwise convert his remaining time to supervised release. *See id.* Defendants responded in opposition, *see* DE 49, and Frazer replied, *see* DE 53. The matter is now ripe for review.

United States Magistrate Judge Candace J. Smith, on referral, issued a Recommended Disposition on the motion, ultimately recommending that the Court deny relief. *See generally* DE 63 (Recommended Disposition). Judge Smith conducted a thorough analysis of the motion, assessing the full pertinent record and invoking the proper legal standards and apt case law. Judge Smith informed Frazer of his right to object to the recommendation within fourteen days under Fed. R. Civ. P. 72(b)(2). *See id.* at 8. The deadline passed with no objection from any party.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019)

1

(noting that the Sixth Circuit has "long held that, when a [party] does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Civ. P. 72(b)(3) (limiting de novo review duty to "any part of the magistrate judge's disposition that has been properly objected to"); 28 U.S.C. § 636(b)(1) (requiring de novo review only as to "those portions" of the recommendation "to which objection is made").

The Court has considered the Recommended Disposition, as well as the entire record and relevant authority, and agrees with Judge Smith's well-founded conclusion. As an initial matter, Judge Smith correctly found that prisoners cannot obtain early release from custody through an injunction entered in a § 1983 civil action. *See* DE 63 at 3–4. Thus, the Court here cannot injunctively grant Frazer early transfer to supervised release.

Moving to the merits, Judge Smith accurately laid out the standard for granting a preliminary injunction, which requires Frazer to show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *See id.* Judge Smith further noted that the standard for granting a TRO is the same, with an additional emphasis placed on the irreparable harm factor. *See id.* at 5.

Analyzing each factor in turn, Judge Smith first found that Frazer cannot demonstrate a substantial likelihood of success on his deliberate indifference claims. *See id.* at 5–6. To prevail on a deliberate indifference claim, a plaintiff must demonstrate that prison officials rendered "grossly or woefully inadequate care" while knowingly disregarding the serious medical needs of the prisoner. *See id.* Judge Smith found, on the mixed record, that while Defendants provided

2

Frazer with incorrect doses of insulin on four occasions in June 2024, during that same time period, Frazer himself consistently failed to report for daily scheduled injections. *See id.* As such, Judge Smith concluded that Frazer failed to show that prison staff exhibited "grossly or woefully inadequate" care, or that Defendants possessed a culpable state of mind beyond that of mere negligence. *See id.* at 6. The record notably does not contain bolstering expert proof as to Frazer's predicate allegations. Next, Judge Smith found that Frazer cannot show irreparable harm in the absence of relief. *See id.* at 6–7. Irreparable harm must be actual and imminent, not merely remote or speculative. *Id.* at 6. Here, Judge Smith found that Frazer failed to establish a causal connection between the incorrect insulin doses and his alleged hypoglycemic attack, given the presence of other irregularities in his record that may have caused the episode. *See id.* at 6–7. Further, Frazer largely has experienced stability, in this medical area, in the relevant custodial period. Finally, Judge Smith found that in lawsuits brought by prisoners against prison officials, the Court, under typical Circuit precedent, weighs the third and fourth elements in favor of the officials. *See id.* at 7. Nothing here pushes the equities or public interest in Frazer's favor. Frazer is in the process of litigating his claim, but an injunction is not available to him on this record and under the proper standards, as Judge Smith aptly described.

Thus, Judge Smith correctly found that all four factors weigh against the granting of a preliminary injunction or TRO. Accordingly, the Court **ADOPTS** DE 63 and **DENIES** DE 46.

This the 13th day of December, 2024.

Signed By:
*Robert E. Wier* REW
**United States District Judge**